# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEWAYNE E. STARR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-CV-741-TCK-TLW ) |
| GEORGE HICKS; BRYCE LAIR; BOBBY J. FLOYD; GENE HAYES; JANICE STEIDLEY; SEAN FLOYD; LARRY THOURGHMAN, all in their individual and official capacities, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 23, 2011, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff also provided seven (7) summonses prepared on state court forms. When Plaintiff filed his complaint, he was in custody at the Craig County Jail. By Order filed December 1, 2011 (Dkt. # 5), Plaintiff was advised that his complaint was subject to dismissal for failure to state a claim. He was provided the opportunity to file an amended complaint to cure the identified deficiencies. Id. In addition, he was ordered to file an amended motion to proceed *in forma pauperis*. On January 4, 2012, Plaintiff filed an amended complaint (Dkt. # 6). However, he did not file a properly supported motion to proceed *in forma pauperis* until March 26, 2012. See Dkt. # 11. By Order filed April 2, 2012 (Dkt. # 12), the Court granted Plaintiff's motion, as amended, and directed him to pay an initial partial filing fee. On May 10, 2012, Plaintiff submitted his initial filing fee payment of $4.10. See Dkt. # 15. For the reasons discussed below, the amended complaint fails to state a claim upon which relief may be granted. For that reason, this action shall be dismissed. Plaintiff remains obligated to pay in monthly installments the $345.90 balance owed on the filing fee.

## BACKGROUND

In his amended complaint (Dkt. # 6), Plaintiff identifies the nature of his claims as follows:

Plaintiff states on or about Oct. 29, 2009, Defendants Sean Floyd and Larry Thourghman of the Vinita Police Dept arrived at 301 S. Fifth St., Vinita, Okla. Plaintiff Starr, opened the door and was shocked tased inside his home. Defendants beat Starr while handcuffed on the front porch, to wit: kicked his ribs and face. On June 23, 2011, Count I, Lewd Molestation was dismissed.

(Dkt. # 6). Plaintiff identifies six (6) claims and provides statements of supporting facts, as follows:

Count I: Fourteenth Amendment violation.
The unlawful use of a taser by Defendants violated Plaintiff Dewayne E. Starr's rights and constituted excessive force, a due process violation under the Fourteenth Amendment to the United States Constitution.

Count II: Fourth Amendment.
The illegal arrest violated Plaintiff Dewayne E. Starr's rights and constituted illegal search and seizure, a due process violation under the Fourth Amendment to the United States Constitution.

Count III: Fourth Amendment violation.
The warrantless entry into the Plaintiff's home violated Mr. Starr's rights and constituted unreasonable expection [sic] of privacy, a due process violation under the Fourth Amendment to the United States Constitution.

Count IV[1]: Fourteenth Amendment violation.
The Defendants engaged in the common practice and pattern of failing to provide adequate training, and properly supervise, in the use of taser, violated plaintiff Dewayne E. Starr's rights and constituted unreasonable care in employment to effect an arrest constituted equal protection, a due process violation under the Fourteenth Amendment to the United States Constitution.

Count V: Fourteenth Amendment violation.
The beating by Larry Thourghman violated Plaintiff Dewayne E. Starr's rights and constituted excessive force, a due process violation under the Fourteenth Amendment to the United States Constitution.

---

[1] Plaintiff designated his fourth claim as "Count IIX," his fifth claim as "Count IX," and his sixth claim as "Count X." See Dkt. # 6 at 7. The Court shall refer to those claims as Counts IV, V, and VI, respectively.

Count VI: Fourteenth Amendment violation.
The Defendants' unlawful shooting Plaintiff Starr in the chest with Taser X26 prongs violated Starr's rights and constituted inadequate training by Defendants, a due process violation under the Fourteenth Amendment to the United States Constitution.

Id. Plaintiff names seven (7) defendants and identifies their employment positions as follows: George Hicks, Chief of Police; Bobby J. Floyd, Chief of Police; Gene Hayes, District Attorney; Janice Steidley, District Attorney; Sean Floyd, City of Vinita Police Officer; Bryce Lair, Assistant District Attorney; and Larry Thourghman, City of Vinita Police Officer. Id. In his prayer for relief, Plaintiff asks for nominal damages of $1.00, compensatory damages of $2.5 million, and punitive damages of $2.9 million. Id.

## *ANALYSIS*

### A. Dismissal standards

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.      All of Plaintiff's claims are time barred**

No statute of limitations is expressly provided for claims under 42 U.S.C. § 1983. However, the Supreme Court has held that courts must look to state law for the appropriate period of limitations in § 1983 cases. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). The Tenth Circuit Court of Appeals has stated that the appropriate period of limitations for § 1983 actions brought in the State of Oklahoma is two years, pursuant to Okla. Stat. Ann. tit. 12, § 95(3). Meade v. Grubbs, 841 F.2d 1512, 1522-24 (10th Cir. 1988). While state law governs limitations and tolling issues, federal law determines the accrual of § 1983 claims. Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995); Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir. 1993). A civil rights action accrues when "facts that would support a cause of action are or should be apparent." Fratus, 49 F.3d at 675

4

(quoting Blumberg v. HCA Management Co., 848 F.2d 642, 645 (5th Cir. 1988));  see also Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991).  Thus, a plaintiff must bring an action within two years of the date when facts that would support a cause of action are or should be apparent.

The events giving rise to all six (6) of Plaintiff's claims occurred on October 29, 2009.  On that date, Plaintiff claims to have been subjected to excessive force attributable to inadequate training, unlawfully arrested without a warrant, and subjected to an unconstitutional search and seizure. He did not file his civil rights complaint until more than two (2) years later, on November 23, 2011.  As a result, all of the claims are time barred.

In the Order filed December 1, 2011 (Dkt. # 5), the Court advised Plaintiff that it appeared his Fourth Amendment claims were time barred and directed him to show cause why those claims should not be dismissed.  In his amended complaint (Dkt. # 6), Plaintiff argues that his Fourth Amendment claims are not time barred because they did not accrue until June 23, 2011, when a charge of Lewd Molestation, one of three charges filed against him in Craig County District Court, Case No. CF-2009-238, was dismissed.  Plaintiff's argument relates to his claims raised in Counts II and III.  In those counts, Plaintiff alleges that the warrantless arrest and unlawful search and seizure violated his rights under the Fourth Amendment. He cites the Prison Litigation Reform Act (PLRA) in support of his claim that his two year limitations period began to run on June 23, 2011, when a charge of Lewd Molestation was dismissed.[2]

---

[2]The Court notes that the docket sheet for Craig County District Court, Cased No. CF-2009-238, viewed at www.odcr.com, reflects that on June 23, 2011, the State moved to dismiss Count 1, Lewd Molestation, and was allowed to amend the information to conform to testimony. Defendant was then bound over on Count 2, Attempt to Kill, AFCF, and Count 3, Obstructing an Officer (misdemeanor). On April 30, 2012, Plaintiff waived his right to a jury trial and the case was set for

5

Plaintiff's argument is foreclosed by the holding of Wallace v. Kato, 549 U.S. 384 (2007). In that case, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397. At the time of his arrest, on October 29, 2009, Plaintiff knew or should have known that he had been arrested without a warrant and subjected to an allegedly unconstitutional search and seizure. Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558 (10th Cir. 1999) (explaining that claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur). More than two (2) years passed before he filed his civil rights complaint. As a result, Plaintiff's claims based on his warrantless arrest and unconstitutional search and seizure are time barred.[3]

---

a change of plea hearing to be held on June 6, 2012. See www.odcr.com.

[3]If Defendants arrested Plaintiff at his home without a warrant, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." Gerstein v. Pugh, 420 U.S. 103, 113-14 (1975). The public docket sheet from Plaintiff's criminal case, see www.odcr.com, shows that on October 30, 2009, Judge Post ordered Plaintiff to be held without bond. That order required Judge Post to find that probable cause existed to detain Plaintiff. See County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991) (holding that the Fourth Amendment usually requires a probable cause hearing within 48 hours of a warrantless arrest); Gerstein, 420 U.S. at 114 (holding that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest"). A probable cause determination by a judicial officer has been found to constitute the initiation of legal process. See Young v. Davis, 554 F.3d 1254, 1258 (10th Cir. 2009) (citing Wallace, 549 U.S. at 389). Thus, Plaintiff's claim challenging his warrantless arrest and unlawful search and seizure accrued at the latest on October 30, 2009, the date of his detention hearing, or more than two years before Plaintiff commenced this action.

Significantly, Plaintiff does not assert a § 1983 claim for malicious prosecution. In <u>Wilkins v. DeReyes</u>, 528 F.3d 790 (10th Cir. 2008), the Tenth Circuit explained the difference between a claim of false arrest or false imprisonment and malicious prosecution as follows:

> Unlike a false arrest or false imprisonment claim, malicious prosecution concerns detention only "[a]fter the institution of legal process." <u>Mondragon v. Thompson</u>, 519 F.3d 1078, 1083 (10th Cir. 2008); <u>see also</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 127 S. Ct. 1091, 1096, 166 L. Ed. 2d 973 (2007) ("[A]fter [institution of legal process], unlawful detention forms part of the damages for the ... tort of malicious prosecution, which remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process."). In this context, a Fourth Amendment violation can exist only when a plaintiff alleges the legal process itself to be wrongful. If a plaintiff challenges merely the confinement after the institution of legal process, but not the process itself, "[t]he protections offered by the Fourth Amendment do not apply." <u>Jones v. City of Jackson</u>, 203 F.3d 875, 880 (5th Cir. 2000); <u>see</u> <u>also</u> <u>Taylor v. Waters</u>, 81 F.3d 429, 436 (4th Cir. 1996) ("[D]etermination of probable cause by detached judicial officer that complies with Fourth Amendment constitutes all of the process due in order to constitutionally detain an accused pending trial.") (citing <u>Baker v. McCollan</u>, 443 U.S. 137, 142-46, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)).

<u>Wilkins</u>, 528 F.3d at 798. In this case, Plaintiff's claims arise from his allegedly unlawful arrest. He does not allege that the legal process itself was wrongful. Therefore, the complaint does not state a claim for malicious prosecution.

In addition, the dismissal of the Lewd Molestation charge has no bearing on the accrual date of Plaintiff's excessive use of force and failure to train claims. "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." <u>Fox v. DeSoto</u>, 489 F.3d 227, 233 (6th Cir. 2007); <u>accord</u> <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 381 (9th Cir. 1998) (per curiam). Therefore, the Court finds that Plaintiff's excessive use of force and failure to train claims accrued on October 29, 2009, when the facts that supporting those causes of action were or should have been apparent. Plaintiff did not file his complaint until November 23, 2011, or more than two (2) years

after his claims accrued. Therefore, his excessive use of force claims raised in Counts I, IV, V, and VI are time barred.

**C. Claims against prosecutors fail to state a claim**

In his amended complaint, Plaintiff also names as defendants (3) Craig County District Attorneys: Gene Hayes, Janice Steidley, and Bryce Lair. See Dkt. # 6. However, none of the claims identified in Counts I - VI allege facts related to actions by the Craig County District Attorneys. In his amended complaint, Plaintiff attempts to salvage a claim by asserting that the prosecutors were "grossly negligent in managing" the training of law enforcement officers in the "proper use of the Taser X26." See Dkt. # 6. Even if all six claims raised in the amended complaint were not time barred, Plaintiff's argument fails because district attorneys play no role in the training of law enforcement officers. In addition, negligence, even gross negligence, does not rise to the level of a constitutional violation. See Hovater v. Robinson, 1 F.3d 1063, 1066 (10th Cir. 1993) (explaining that deliberate indifference is a higher degree of fault than even gross negligence, let alone ordinary negligence); see also Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008) (finding that an "official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation"). Therefore, Plaintiff's claims against the district attorneys fail to state a claim upon which relief may be granted.

To the extent Plaintiff claims the district attorneys violated his constitutional rights in prosecuting criminal charges filed against him, those defendants are entitled to prosecutorial immunity. A state prosecutor is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the

judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994) (quoted case omitted). Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). In this case, the actions of the District Attorneys named as defendants taken in prosecuting the criminal charges against Plaintiff and are the type of conduct protected by absolute immunity. A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Because the district attorneys named as defendants are entitled to absolute prosecutorial immunity from civil damages, Plaintiff's request for monetary damages from Defendants Hayes, Steidley, and Lair shall be dismissed from this action with prejudice. 28 U.S.C. § 1915(e)(2)(B)(iii).

**D. First "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted and seeks money damages from immune defendants. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (iii). This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The complaint (Dkt. # 1), as amended (Dkt. # 6), is **dismissed with prejudice** for failure to state a claim upon which relief may be granted and for seeking monetary relief against immune defendants..

2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

3. A separate judgment shall be entered in this matter.

DATED THIS 6th day of June, 2012.

*Terence C Kern*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE